UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at Covington

| | | |
|---|---|---|
| GARY WAYNE BEAM, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:26-cv-00119-SCM |
| | ) | |
| v. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| KENTON COUNTY DETENTION | ) | |
| CENTER, | ) | |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Gary Wayne Beam is a state pretrial detainee who is currently confined at the Kenton County Detention Center in Covington, Kentucky. Proceeding without a lawyer, Beam recently filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which he challenges the validity of an ongoing state prosecution against him. [Dkt. 1]. The Petitioner also filed a motion for leave to proceed *in forma pauperis*, [Dkt. 2], along with a certified inmate account statement, [Dkt. 3].

The Court first grants the Petitioner's fee motion because the information contained in his submission indicates that he lacks the assets and income to pay even the modest filing fee in this case. However, the Court has reviewed the Petition pursuant to 28 U.S.C. § 2243 and will deny it because the Petitioner has not alleged facts supporting a cognizable § 2241 claim.

As background, the Petitioner was charged in state court in 2024 with first-degree assault (domestic violence), tampering with physical evidence, and tampering

with a witness. *See Commonwealth v. Gary Wayne Beam*, No. 24-CR-00135 (Kenton Cir. Ct. 2024). According to the Kentucky Court of Appeals:

> [I]t appears that the charges stem from a December 20, 2023 incident during which [Beam's] fiancée fell out of their truck, the truck hit her, and she was injured. [Beam's] fiancée recovered and was released from the hospital on January 28, 2024. According to [Beam], while his fiancée was in the hospital she gave a statement to police that [Beam] did not do anything wrong. [Beam's] fiancée later died from cancer.

*See Beam v. Lape, et al.*, No. 2024-CA-1517-OA, at \*1–2 (Ky. Ct. App. May 23, 2025). While the case against the Petitioner continued, he filed a petition for a writ of prohibition with the Kentucky Court of Appeals, arguing that there "is no legal authority to prosecute him, and that the Kenton Circuit Court lacks subject matter jurisdiction because the victim is now deceased and gave an exonerating statement prior to her death." *Id.* at \*2. The Kentucky Court of Appeals, however, denied that petition. *See id.* at \*4. The Petitioner indicates that he tried to appeal the matter to the Supreme Court of Kentucky, but his efforts were unsuccessful. [*See* Dkt. 1 at 2, 7 (where the Petitioner discusses the procedural history of his attempts to appeal)]. As a result, the criminal case remains pending.

After previously filing an improper § 2254 Petition that was dismissed without prejudice, *see Beam v. Lape*, No. 2:26-cv-00001-KKC-HAI (Jan. 22, 2026), the Petitioner proceeded to file the § 2241 Petition at issue here. [Dkt. 1]. The § 2241 Petition appears to echo the same arguments the Petitioner made in state court. The Petitioner says there is "no authority to prosecute [him]" because "there is no accuser to say [he] assaulted them." [*Id.* at 1]. The Petitioner then makes similar statements throughout the rest of his Petition before suggesting that this Court should dismiss

the charges against him.  [*See id.* at 2–8].

The Petitioner's argument is unavailing.  This Court has limited authority to consider § 2241 petitions filed by state pretrial detainees.  *See Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014) (observing that pretrial § 2241 petitions are "rare" and "extraordinary").  The Sixth Circuit has approved consideration of a pretrial § 2241 petition in only "three exceptional circumstances": "(1) when the petitioner seeks a speedy trial"; "(2) when a petitioner seeks to avoid a second trial on double jeopardy grounds"; and "(3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial."  *Evil v. Whitmer*, No. 1:20-cv-343, 2020 WL 1933685, at *3 (E.D. Mich. Apr. 22, 2020) (citations omitted); *see also Eagan v. Carl*, No. 2:16-cv-155-WOB, 2016 WL 6403152, at *3–5 (E.D. Ky. Oct. 27, 2016) (explaining that federal courts presented with similar pretrial § 2241 petitions should abstain from interfering with state court criminal proceedings under *Younger v. Harris*, 401 U.S. 37 (1971)).  Here, because the Petitioner's claims—which relate to the supposed weakness of the case against him— do not fit within any of the categories recognized by the Sixth Circuit, his Petition fails.

The Court recognizes that, at one point in the Petitioner's submission, he complains that "it has been almost 2 ½ years"[1]  since the prosecution against him began and then vaguely says that "they are not even trying."  [Dkt. 1 at 5]. The Petitioner, however, does not elaborate upon this at any point, and he certainly does

---

[1] State court records indicate that the Petitioner was indicted on February 16, 2024.

3

not clearly allege a violation of his speedy trial rights. And even if the Petitioner were trying to lodge a speedy trial claim now, he was required to "properly exhaust available state court remedies before proceeding in federal court." *Evil,* 2020 WL 1933685, at *3. The Petitioner "bears the burden of showing exhaustion," *id.*, and nothing the Petitioner says in his Petition demonstrates that he pursued a speedy trial claim with the state appellate courts. Indeed, his arguments all appear to relate to his belief that the Commonwealth of Kentucky lacks authority to prosecute him, not that his speedy trial rights were violated. Therefore, the Court will deny his current request for relief.

Accordingly, it is **ORDERED** as follows:

1)      The Petitioner's motion for leave to proceed *in forma pauperis*, [Dkt. 2], is **GRANTED**, and payment of the filing fee is **WAIVED**.

2)      The Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, [Dkt. 1], is **DENIED** and shall be **DISMISSED WITHOUT PREJUDICE**.

3)      This action is **STRICKEN** from the Court's active docket.

4)      A separate judgment will be entered.

Signed this 31st day of March, 2026.



S. Chad Meredith, District Judge
United States District Court
Eastern District of Kentucky

4