UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at Covington

| | | |
|---|---|---|
| GARY WAYNE BEAM, | ) | |
| | ) | |
|     Petitioner, | ) | Civil Action No. 2:26-cv-00119-SCM |
| | ) | |
| v. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| KENTON COUNTY DETENTION | ) | |
| CENTER, | ) | |
| | ) | |
|     Respondent. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Pro se Petitioner Gary Wayne Beam filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the validity of an ongoing state prosecution against him. [Dkt. 1]. The Court reviewed that Petition pursuant to 28 U.S.C. § 2243 and denied it because the Petitioner had not alleged facts supporting a cognizable § 2241 claim. [Dkt. 5; Dkt. 6].

The Petitioner subsequently filed two letters objecting to the Court's ruling and requesting a Certificate of Appealability ("COA") under Federal Rule of Appellate Procedure 22(b) and 28 U.S.C. § 2253(c) so that he may appeal this Court's denial of his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. [*See* Dkt. 12; Dkt. 13]; *see also Winburn v. Nagy*, 956 F.3d 909, 911–12 (6th Cir. 2020) (stating that a state pretrial detainee is required to receive a certificate of appealability to appeal the denial of his § 2241 petition). Having reviewed those submissions, the Court will deny his requests for a COA.

## I.    Background

The Petitioner is a pretrial detainee being held in custody by the Commonwealth of Kentucky pending a criminal trial in state court.  As the Court explained in its prior Memorandum Opinion and Order, the Petitioner did not allege facts supporting a cognizable claim under 28 U.S.C. § 2241.  [Dkt. 5].  Federal courts generally abstain under the *Younger* doctrine when presented with pretrial § 2241 petitions like the Petitioner's, *see Younger v. Harris*, 401 U.S. 37 (1971), and the Sixth Circuit recognizes only "three exceptions that permit a federal court to consider a pretrial habeas petition."  *Simmons v. Washington*, No. 24-1757, 2025 WL 740835, at *1 (6th Cir. Jan. 27, 2025).  Those three exceptions are: "(1) when a petitioner seeks a speedy trial"; "(2) when a petitioner seeks to avoid a second trial on double jeopardy grounds"; and "(3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial."  *Minefee v. Sheriff of Cuyahoga Cnty.*, No. 1:26CV00022, 2026 WL 332386, at *2 (N.D. Ohio Feb. 9, 2026).  The Petitioner did not raise any of those three claims.  The Court therefore abstained under *Younger* and denied the Petition without prejudice.  *See id.* (federal courts "typically reject petitions for [pretrial] habeas relief under the *Younger* abstention" doctrine).  The Court later informed the Petitioner that, to the extent he seeks to raise a claim related to his speedy-trial rights, he could do so by filing a new § 2241 petition that clearly raised and adequately supported that claim.  [Dkt. 9 at 2].  The Court simultaneously instructed the Clerk to send the Petitioner the forms necessary to file a new § 2241 petition.  [*Id.*].  The Petitioner then filed two submissions requesting a

COA.  [Dkt. 12; Dkt. 13].

The Petitioner has since filed a letter in the record expressly disclaiming any argument based on his speedy-trial rights.  [Dkt. 16 at 2 (explaining that the Petitioner's "one and only issue" is the validity of his state-court prosecution due to the death of a witness and that he "never raised any question [as] to a speedy trial issue")].  Thus, the Court concludes that the Petitioner neither intended to raise, nor actually raised, a claim based on a violation of his speedy-trial rights.

## II.   Analysis

The Court construes the Petitioner's latest filings as a Notice of Appeal, and it will allow him to proceed as a pauper on appeal.  *See* Fed. R. App. P. 24(a)(3) (explaining that a party who was allowed to proceed as a pauper in the district court may generally proceed as a pauper on appeal without further authorization).

As noted above, the Petitioner requires a COA to appeal the denial of his pretrial § 2241 habeas petition.  "[T]he language of § 2253(c)(1)(A) requires certificates of appealability for all state-prisoner habeas appeals, whether seeking pretrial relief under § 2241 or post-conviction relief under § 2254."  *Winburn*, 956 F.3d at 912.  A district judge may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Under the Supreme Court's standard for granting a COA set forth in *Slack v. McDaniel*, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  529 U.S. 473, 484 (2000).  The Sixth Circuit has instructed that a district judge considering whether to

grant a COA must "engage in a reasoned assessment of each claim" to determine whether a COA is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam), *overruled on other grounds by Castro v. United States*, 310 F.3d 900 (6th Cir. 2002).

Here, the Petition was denied without prejudice for procedural reasons. As the Court previously explained, the Petitioner did not make a substantial showing of the denial of a constitutional right because he did not base his Petition on any of the three grounds justifying pretrial habeas relief recognized by the Sixth Circuit. Therefore, *Younger* abstention was appropriate. Even assuming for the sake of argument that the Petitioner intended to raise a speedy-trial claim—one of those three grounds—he did not establish that he exhausted state-court remedies for that potential claim. "When a district court denies a habeas petition on procedural grounds [such as *Younger* abstention or failure to exhaust state-court remedies], the applicant must show that reasonable jurists could disagree about both the procedural ruling and the underlying constitutional claim." *Winburn*, 956 F.3d at 912. So, for the Petitioner to be entitled to a COA, there would have to be some doubt about whether this Court's dismissal of the Petition was sound and some possibility that *Younger* abstention was improper.

There is no such doubt here. The Sixth Circuit recognizes only three grounds for a federal court to consider granting a pretrial habeas petition like the Petitioner's, and the Petitioner raised none of them. *See Simmons*, 2025 WL 740835, at *1; *see also Minefee*, 2026 WL 332386, at *2; *Folley v. Banks*, 2020 WL 9813535, at *2 (6th

4

Cir. Aug. 31, 2020).  The Petitioner's requests for a COA do not raise any of those three grounds, either.  To the extent that the Petitioner's submissions could possibly have been construed as raising a claim based on his speedy-trial rights, he has now clarified that he "never raised any question [as] to a speedy trial issue."  [Dkt. 16 at 2].

The sole issue the Petitioner clearly raises in his Petition and reiterates in his requests for a COA—a claim apparently based on the Sixth Amendment's Confrontation Clause—does not provide a foundation for pretrial habeas relief.  *See* [Dkt. 1 at 5 (asserting that the Petitioner is "falsely accused of assaulting [his fiancée]" and that "[t]here is no accusing authority to hold [him]" because "she passed away" due to terminal breast cancer, and as a result of her passing and unavailability as a witness, he "cannot be prosecuted")]; *see also* [Dkt. 13 at 3 (asserting "there became [sic] no authority to prosecute" the Petitioner after his fiancée "passed away of cancer unrelated to the matter entirely" and there is "no key witness to accuse [him] of assaulting them")].  However, there has been no trial in the Petitioner's case yet, and so there can be no deprivation of the Petitioner's Sixth Amendment right to confront witnesses against him at trial.  *See Acosta v. Palmer*, No. 3:24-CV-00201-JJH, 2025 WL 1222641, at *12 (N.D. Ohio Apr. 28, 2025) ("The right to confront one's accuser 'is a *trial* right,' meaning that it applies at trial," and if one has not gone to trial, his "Confrontation Clause right [does] not attach." (quoting *Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987) (plurality opinion) (emphasis in original))), report and recommendation adopted, No. 3:24-CV-201, 2025 WL 3012772 (N.D. Ohio Oct. 28,

5

2025).  Under these circumstances, no reasonable jurist could conclude that the Petitioner raised a valid ground for pretrial habeas relief, nor does the Petitioner point to any authority that could plausibly establish that he is presently held "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

The Petitioner's cited authorities do not establish that reasonable jurists could conclude that this Court's prior ruling is debatable or wrong, either.  The two habeas cases the Petitioner cites are not applicable to his situation.  Rather, they are post-conviction habeas cases of doubtful relevance and limited usefulness when considering the Petitioner's status as a pretrial detainee. *See Allah-U-Akbar v. Bradshaw*, 154 F.4th 482 (6th Cir. 2025) (post-conviction habeas case not analyzing any Confrontation Clause claim); *see also Stewart v. Cowan*, 528 F.2d 79 (6th Cir. 1976) (post-conviction habeas case analyzing Confrontation Clause claims).  Meanwhile, the Petitioner's citation to *Michigan v. Long*, 463 U.S. 1032 (1983), has nothing to do with this matter whatsoever.  That case involved analysis of whether adequate and independent state grounds deprived the Supreme Court of jurisdiction and related entirely to a *Terry* search of a car that uncovered marijuana. None of those issues are presented in the Petitioner's case.  The Petitioner's arguments in favor of issuing a COA are unavailing.

## III.    Conclusion

The Petitioner failed to demonstrate that reasonable jurists would find the Court's prior Memorandum Opinion and Order is debatable or wrong.  He is therefore

not entitled to a Certificate of Appealability.  Accordingly, it is **ORDERED** as follows:

1)      The Clerk's Office is **DIRECTED** to docket the Petitioner's recent filings, [Dkt. 12; Dkt. 13], collectively as a Notice of Appeal.

2)      The Petitioner is permitted to proceed in forma pauperis on appeal, consistent with Fed. R. App. P. 24(a)(3).

3)      The Petitioner's requests for a Certificate of Appealability, [Dkt. 12; Dkt. 13], are **DENIED**.

4)      To the extent the Petitioner's most recent filings, [Dkt. 14; Dkt. 15; Dkt. 16; Dkt. 17], seek a Certificate of Appealability, they are **DENIED**.

5)      The Clerk's Office is **DIRECTED** to send a copy of this Order to the Clerk of the United States Court of Appeals for the Sixth Circuit.

Signed this 27th day of April, 2026.

S. Chad Meredith, District Judge
United States District Court
Eastern District of Kentucky